UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

NO. 1:11-CV-00674

_____

MARTHA AKERS,

Appellant,

v.

WINDWARD CAPITAL CORPORATION AND
MOORING FINANCIAL CORPORATION,

Appellees.

On Appeal from the United States Bankruptcy Court
for the District of Columbia
(Hon. Judge S. Martin Teel, Jr.)
Adversary Case No. 10-10006

_____

BRIEF OF APPELLEES,

WINDWARD CAPITAL CORPORATION
AND MOORING FINANCIAL CORPORATION

_____

JUSTIN P. FASANO, ESQUIRE
WHITEFORD, TAYLOR & PRESTON, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-3385
*Attorney for Appellees*
*Windward Capital Corporation and*
*Mooring Financial Corporation*

**APPELLEES' CORPORATE DISCLOSURE STATEMENT**

Appellees, Windward Capital Corporation and Mooring Financial Corporation, by their undersigned counsel, and pursuant to Local Rule 7.1 hereby file their disclosure statement in order to enable the judges of this Court to consider possible recusal:

**A.** **Parties and Counsel**

1. Martha A. Akers, Pro Se
   1319 Fairmont Street, NW, #103
   Washington, D.C. 20009

2. Windward Capital Corporation and Mooring Financial Corporation
   c/o Justin P. Fasano, Esquire
   Whiteford, Taylor & Preston, LLP
   3190 Fairview Park Drive, N.W., Suite 300
   Falls Church, VA 22042

**B.** Parent corporation: Windward Capital Corporation
Subsidiaries: Windward Properties, LLC and Windward-Milestone I & II, LLC
Publicly held corporation holding more than 10% of stock: None

**C.** Parent corporation: MTV Leasing Corporation
Subsidiaries: Mooring Financial Corporation and MTV Leasing LTD
Publicly held corporation holding more than 10% of stock: None

## **TABLE OF CONTENTS**

**Corporate Disclosure Statement**……………………………………………………..…2

**Table of Contents**……………………………………………………………………..…3

**Table of Authorities**……………………………………………………………………4

**Statement Of Issues Presented For Review**……………………………………………...5

**Statement Of Applicable Standard Of Appellate Review**……………………………...5

**Statement Of The Case**………………………………………………………………...6

**Statement Of Facts Relevant To Issues On Review**……………………………………..7
      A.     Background……………………………………………………………….. 7
      B.     The Court's Findings Of Fact And Conclusions Of Law……………11

**Summary Of Argument**………………………………………………………………..11

**Argument**……………………………………………………………………………..12

**Conclusion**………………………………………………………………………….....13

**Certificate Of Service**…………………………………………………..………………14

# TABLE OF AUTHORITIES

**Case Law**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986) .......... 5

*In re Capitol Hill Group*, 313 B.R. 344 (D.D.C. 2004). .......... 6

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......... 5

*Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp.*, 944 A.2d 1055 (D.C. 2008) .......... 12

*Stone v. University of Maryland Medical Sys. Corp.*, 855 F.2d 167 (4th Cir. 1988) .......... 5

*Warrener v. Federal Land Bank*, 266 Ky. 668, 99 S.W.2d 817 .......... 12

*In re Williams*, 360 B.R. 99 (Bankr. E.D. Pa. 2007) .......... 12

**Treatises**

RESTATEMENT (SECOND) CONTRACTS, § 304 .......... 12

Couch on Ins., § 65:7 .......... 12

**STATEMENT OF ISSUES PRESENTED FOR REVIEW**

1. Whether the Bankruptcy Court properly granted Appellees' Motion for Summary Judgment on the issue of whether or not they had breached any duty to Appellant to pursue damages under a force-placed insurance policy.

**STATEMENT OF APPLICABLE STANDARD OF APPELLATE REVIEW**

Summary Judgment is appropriate where there are no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505 (1986). The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist and that judgment should be granted as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute of material fact is sufficient to defeat summary judgment only if it is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248. In the end, the non-moving party must do more than present a "scintilla" of evidence in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. Rather, the non-moving party must present sufficient evidence such that "reasonable jurors could find by a preponderance of the evidence" for the non-movant, *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512, "for an apparent dispute is not 'genuine' within contemplation of the summary judgment rule unless the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find the fact[s] in his favor." *Stone v. University of Maryland Medical Sys. Corp.*, 855 F.2d 167, 175 (4th Cir. 1988). Thus, if the evidence is "merely colorable" or "not significantly probative," a motion for summary judgment may be granted. *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2510-11.

The United States District Court reviews summary judgment decisions *de novo*. *In re Capitol Hill Group*, 313 B.R. 344, 348-49 (D.D.C. 2004).

## **STATEMENT OF THE CASE**

Appellant, Martha Akers ("Akers" or "Appellant") is appealing the order of the United States Bankruptcy Court of the District of Columbia ("Bankruptcy Court") granting summary judgment (the "Summary Judgment Order") to Windward Capital Corporation ("Windward") and Mooring Financial Corporation ("Mooring," and collectively with Windward, "Appellees").  This appeal represents the latest in a series of baseless filings that Appellant has filed against Appellees. [1]  In this case, Appellant had filed a Complaint against Appellants alleging that they had breached contractual duties they had purportedly incurred by purchasing forced-place insurance on commercial property owned by Appellant.  The Summary Judgment Order found that there was no genuine issue of material fact that Appellees did not breach any such duty.

---

[1] Ms. Akers currently has four open cases pending involving the Appellees.  Two have been filed in the District of Columbia Superior Court.  *See Martha A. Akers v. Mooring Financial Corporation*, 2009 CA 007485 (B); and *Martha A. Akers v. Mooring Financial Corporation and Windward Capital Corporation*, 2010 CA 005269 R (RP).  One is a pending appeal from this same adversary proceeding based on the Bankruptcy Court's denial of a preliminary injunction.  *Martha A. Akers v. Windward Capital Corporation and Mooring Financial Corporation*, 1:10 CV 01300 RMU.  The last is a failed attempt by Appellant to withdraw this Court's automatic reference of bankruptcy-related proceedings to the Bankruptcy Court. *Martha A. Akers v. Windward Capital Corporation and Mooring Financial Corporation*, 1:10 MC 00321 RMU.  So far no court has granted her the relief she seeks, despite her efforts to find a favorable forum.  Her pleadings are repeatedly served without the attachments referenced in the pleadings, sometimes without signature, sometimes before they are filed with the Court and sometimes days after they are filed.  In the Docket Report attached to brief, she has altered the filing date.  Because she is a pro se party, Appellees have attempted to deal with these practices without complaint to the Court.  However, in light of the unending nature of these filings, Appellees believe it is appropriate to discuss the complete background of all of these cases.

## STATEMENT OF FACTS RELEVANT TO ISSUES ON REVIEW

### A.   BACKGROUND

1.   Martha Akers ("Appellant") was the owner of a parcel of real property located in the District of Columbia and commonly known as 1368 H Street, NE, Washington, D.C. 20002 (the "Property"), on which she operated a restaurant.

2.   On or about July 26, 2000, Appellant executed a promissory note (the "Note") in the loan amount of $63,750.00 with Windward, a copy of which was attached to the Supplemental Motion for Summary Judgment as Exhibit A, which is included in the Appellee's Appendix. Mooring services the loan for Windward.

3.   To secure payment of said Promissory Note, Appellant granted Windward a deed of trust against the aforesaid Property (the "Deed of Trust"). A copy of said Deed of Trust was attached to the Supplemental Motion for Summary Judgment as Exhibit B.

4.   The Deed of Trust required that the Appellant insure the Property as follows:

> Maintenance of Insurance: Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender …
>
> Expenditures by Lender: If Grantor fails to comply with any provision of this Deed of Trust [e.g., maintaining insurance on the Property] … *Lender on Grantor's behalf may, but shall not be required to, take action that Lender deems appropriate.* Any amount that Lender expends in so doing will bear interest at the rate provided in the Note from the date incurred or paid by Lender to the date of repayment of the Grantor….

See Exhibit B, page 5-6 (bracketed clause inserted and emphasis added).

5.   On December 5, 2007 (the "Petition Date"), Appellant initiated bankruptcy proceedings in the United States Bankruptcy Court for the District of

7

Columbia, seeking relief under Chapter 13 of the Bankruptcy Code, in Case No. 07-00662-SMT.

6.      On January 14, 2008, Appellant filed her amended plan of reorganization (the "Amended Plan"). Pursuant to section 1322(b)(5) and paragraph C of the Amended Plan, Appellant agreed to make direct payments to the Lender according the terms of the loan in the monthly installment amount of $468.00.

7.      On February 22, 2008, the Court entered its order confirming the Amended Plan.

8.      On or about July 2008, Appellant defaulted on her obligations to maintain fire insurance on the Property. Accordingly, on or about July 22, 2008, Appellee Mooring purchased a fire insurance policy through Proctor Financial Insurance ("Proctor") on the Property (the "Insurance Policy").

9.      On April 28, 2009, Appellees were informed that a fire which occurred in January 2009 at an adjacent building had caused damage to the Property. Appellees filed an insurance claim with Proctor on May 13, 2009. See Insurance Claim[2] dated May 14, 2009, attached to the Supplemental Motion for Summary Judgment as Exhibit C. Appellees received an insurance claim response from the United States Liability Insurance Group, which estimated the cost of repair to be $1,842.66, on July 15, 2009. See Response to Insurance Claim dated July 15, 2009, attached to the Supplemental Motion for Summary Judgment as Exhibit D. This amount was less than the Insurance Policy's $2,500.00 deductible. Although the loan was in default and Appellees had no legal obligation to do so, Appellees offered to pay the $1,842.66 to Appellant as an

---

[2] The claim was filed on May 13, 2009 and the acknowledgement of receipt of claim was sent on May 14, 2009.

8

accommodation. See Letter from Liz Schalow to Martha Akers dated September 25, 2009, attached to the Supplemental Motion for Summary Judgment as Exhibit E. Appellant did not accept Appellees' offer.

10. As of January, 1, 2010, Appellant was in default on her payments under the Amended Plan, having failed to make a payment to Windward since December 2008.

11. On January 11, 2010, Windward filed a Motion for Relief from Stay (the "Relief Stay Motion") with the Court.

12. Thereafter, in response to the Relief Stay Motion, on February 1, 2010, Appellant filed a Complaint for Breach of Contract against the Appellees, commencing Adversary Proceeding No. 10-10006-SMT (the "Adversary Proceeding").

13. On February 24, 2010, Appellant filed a Motion for Preliminary Injunction in the Adversary Proceeding to prevent the foreclosure sale of the Property.

14. On February 25, 2010, the Court held a hearing on the Relief Stay Motion and granted the requested relief. On February 26, 2010, the Court entered its order granting Windward's Motion for Relief from Stay.

15. On February 1, 2010, Appellant filed an Amended Complaint and, on April 30, 2010, Appellant filed a Second Amended Complaint. The relief sought in these amended pleadings is substantially identical to the original Complaint as to the Appellees.

16. Appellant's Motion for Preliminary Injunction was denied by the Court by order entered May 4, 2010.

17. On April 27, 2010 and May 27, 2010, Appellees sent notices to Appellant advising her of the foreclosure of the Property and her right to cure the default on her

Deed of Trust, namely failure to make payments on the Deed of Trust. Appellant was advised that the balance due on her account was $97,024.66, which includes attorneys fees, late charges and all other amounts properly recoverable under applicable law, and that a non-judicial foreclosure sale of the Property would take place on June 30, 2010 at 10:30am unless her account was brought in good standing (the "Foreclosure Notice").

18. On June 25, 2010, counsel for Appellees provided Appellant a Past Due Statement.

19. On June 30, 2010, the foreclosure occurred on the Property and the property was sold to a third party.

20. On September 27, 2010, Appellees filed a Motion for Summary Judgment in the Adversary Proceeding. On September 28, 2010, Appellees filed an Amended Motion for Summary Judgment to correct a formatting error.

21. On October 26, 2010, the Bankruptcy Court held a pre-trial hearing, at which it sought from Appellees clarification of several issues raised by Appellees' Motion for Summary Judgment. Specifically, the Court questioned whether or not Appellees had any duties to the Appellant relating to forced-place insurance they purchased on behalf of the Appellant, and if such duties existed, whether or not Appellees had complied with them.

22. On November 29, 2010, Appellees filed a Supplemental Motion for Summary Judgment, which more specifically addressed Appellees' duties relating to the forced-place insurance policy.

23. On December 17, 2010, Appellant filed an Opposition to Appellees' Motion for Summary Judgment and Supplemental Motion for Summary Judgment.

### C.     THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

24. On February 11, 2011, the Bankruptcy Court issued its Memorandum Opinion and Order re Defendants' Motion for Summary Judgment. The Bankruptcy Court found, based on the Deed of Trust, that it must infer that Appellant was a third-party beneficiary to the Insurance Contract. Thereafter, the Bankruptcy Court held that Appellant's status as a third party beneficiary simply entitled her to enforce a claim against Proctor. As Appellant did not - and could not - allege that Appellees withheld any money received from Proctor, the Court granted Summary Judgment to the Appellees.

25. Additionally, the Bankruptcy Court found that in no version of her Complaint did the Appellant ever plead any facts related to the foreclosure sale. Accordingly, the Court declined to address Appellants argument that the foreclosure sale was void for lack of notice.

### SUMMARY OF ARGUMENT

The Bankruptcy Court properly granted summary judgment to the Appellees. The Appellant never pled nor presented any facts from which the Bankruptcy Court could infer that Appellees breached any duty, contractual or otherwise, to the Appellant. The Bankruptcy Court inferred that Appellant was a third-party beneficiary of the forced-place insurance policy, and conducted an expansive search of the record before it for any allegation or evidence of any breach of contract. As no such allegation or evidence existed, the Bankruptcy Court properly granted summary judgment.

## ARGUMENT

The Bankruptcy Court found that Appellant was a third-party beneficiary to the insurance contract, which Appellees do not now contest.  However, this does not mean that Appellees, as the named insureds, have an obligation to pay insurance claims.  The benefit of one's status as a third-party beneficiary to a contract is the ability to sue the promisor for breach of its duty to a promissee.  *Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1064 (D.C. 2008) (*citing* RESTATEMENT (SECOND) CONTRACTS, § 304).  In this case, that means that Appellant's status as a third-party beneficiary entitled her to sue Proctor.  This, Appellant has not done.

Furthermore, Appellant has alleged no facts, and has presented no evidence, that Appellees had any duty to Appellant concerning claims that it filed against Proctor.  Appellees' duty was to obtain and maintain the Insurance Policy.  Couch on Ins., § 65:7 (*citing Warrener v. Federal Land Bank*, 266 Ky. 668, 99 S.W.2d 817).  Nor does Appellant allege that Appellees improperly settled a claim or improperly failed to notify her of a settlement offer.  *In re Williams*, 360 B.R. 99 (Bankr. E.D. Pa. 2007).  Neither the Deed of Trust nor the Promissory Note contains any language that would create additional duties.

Finally, even if Appellees had some further duty to Appellant with regards to insurance claims, Appellant has alleged no facts, and has presented no evidence, that Appellees breached that duty.  After Appellant informed Appellees of the fire three months after its occurrence, Appellees timely filed an insurance claim.  When Proctor found damages to be lower than the deductible on the Insurance Policy, Appellees offered

to tender the estimated damages to Appellant.  Appellant has not alleged that Appellees did anything negligent or improper.  Appellees had every incentive to maximize a possible insurance recovery and Appellant cannot state any reason why they would act against their own self-interest and not pursue a viable claim.  Accordingly, even if Appellees had duties beyond maintaining the Insurance Policy, there is no material fact which creates a genuine dispute that they breached those duties.

## **CONCLUSION**

For these reasons, as discussed more fully above, Appellees, Windward Capital Corporation and Mooring Financial Corporation, respectfully request that this Court affirm the decision of the United States Bankruptcy Court for the District of Columbia and award Appellees' legal fees and costs for having to defend this matter.

        Respectfully submitted,

*/s/ Justin P. Fasano*
Justin. P. Fasano, Esquire (DC Bar ID # MD21201)
WHITEFORD, TAYLOR & PRESTON, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, VA 22042
jfasano@wtplaw.com
*Attorney for Appellees, Windward Capital Corporation and Mooring Financial Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May, 2011, a copy of the Brief of Appellees and Exhibits was served by first-class mail on:

Martha A. Akers
1319 Fairmont Street, NW
Washington, DC 20009
*Pro Se*

                                      */s/ Justin P. Fasano*
                                      Justin. P. Fasano

*1952243*