UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

No. 1:11-CV-00674 RMU

MARTHA A. AKERS,

Plaintiff- Appellant.

v.

WINDWARD CAPITAL CORPORATION,

MOORING FINANCIAL CORPORATION,

Defendants- Appellees.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA
( Judge S. Martin Teel, Jr.)
Adversary Case No. 10-10006

AMENDED ANSWER OF APPELLANT,

MARTHA A. AKERS

JUSTIN P. FASANO, ESQUIRE
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-3385

Attorney for Defendants- Appellees,
Windward Capital Corporation and Mooring Financial Corporation

RECEIVED

MAY 25 2011

Clerk, U.S. District and
Bankruptcy Courts

# TABLE OF CONTENTS

Table Of Contents ............................................................................................. 2

Statement Of Issues Presented For Review ................................................. 3-5

Statement Of Applicable Standard Of Appellate Review ............................... 6

Statement Of The Case Affidavit Of Martha A. Akers ............................... 7-13

Appellant's Memorandum Of Law ................................................................ 14

Arguments ..................................................................................................... 14

Fact And Conclusions Of Law ...................................................................... 15

Conclusion .................................................................................................... 16

Relief Sought After ....................................................................................... 16

Certificate Of Service ................................................................................... 16

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

a. Whether the U.S. Bankruptcy Court judge, pursuant to Fed. R. Civ. P. Rule 24.(b)(2)(A)&(3), Rule 24.(c), violated the separation of powers principle, innate in the constitutional frame work and engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts. Specifically, the judge has caused Appellant great harm and abused its discretion by not transferring the Jury trial demand case and further issued the Summary Judgment Memorandum Decision and Order, on a argument, created by the judge that at not time was introduce by Appellees, lastly factually and justly the decision does not create a option for the Appellant to pursue damages independently. Precious under the named Lender placed Insurance policy, paid for by Appellant. The enduring factual insurance policy objective as it exist satisfied all involved in the deed of trust for mutual peace with terms for protection from hazard loss.

b. Appellees' supported its Summary Judgment Motion with conflicting, unsworn and unauthenticated documents which cannot be considered for their truth. See Gleklen, 199 F. 2d at 1369, and on a motion for summary judgment. see general Def.'s Mot. Exs.D1-10.

c. Appellees, violation of the Deed of Trust resulted to filing this case and further dearth for the binding effect accordingly, the disputed foreclosure before final judgment of the cause of action is of critical importance to the court's reflection.

d. In addition to affidavit, the Appellees' provides other unauthenticated exhibits to support its motion for summary judgment. Notably, these exhibits include the defendants version of insurance policy provisions Def.'s Mot., Exs.1-2, as well as many "Unsworn, inadmissible documents and correspondence between the defendant, plaintiff and other's. cannot be considered on a motion for summary judgment." Orsi v. Kirkwood, 999 F.2d 86,

92 (4th Cir. 1993) (citing Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550-51 (9th Cir. 1990); Martz v Union Labor Life Ins Co., 757 F.2d 135, 138 (7th Cir. 1985)); see also Carmona v. Toledo, 215 F 3d 124, 131 (1st Cir. 2000) (stating that " documents supporting or opposing summary judgment must be properly authenticated" (citing FED.R. CIV.P. 56(e))); Stuart v. Gen. Motors Corp., 217 F.3d 621, 636 (8th Cir. 2000) (stating that "to be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Rule 56(e)" and that "documents which do not meet those supplies cannot be considered"); Nnadili v. Chevon U.S.A., Inc., 435 F. Supp. 2d 93, 104-05 (D.D.C. 2006) (refusing to consider on summary judgment the maps on which [the Appellees] relies" because they were" presented without any affidavit explaining who prepared them, how they were prepared, and whether they [address the issue at stake]").

The Appellees has failed, however, to authenticate any of these exhibits or to identify any exhibits as self-authenticating. See generally id., Exs. 1-37. Thus, the Appellees bases its summary judgment motion on evidence that is in large part inadmissible Orsi, 999 F.2d at 92

e.   It is not this court's role to sift through inadmissible evidence and parsing out evidence from that which was duly before the court Cf. Potter v. Dist. of Columbia, 558 f.3d 542, (D.C. Cir 2009) (United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991) (Nor is it appropriate for the court to speculate as to what arguments the defendant might put forth with regard to the admissibility of this evidence. See Burdett v. Miller, 957 F.2d 1375, 1380 (7th Cir. 1992). Defendants' had a duty to make the argument. See Stephenson v. Cox, 223 F. Supp. 2d 119, 122 (D.D.C. 2002)( stating that the court's role is not to act as an advocate for the [party] and construct legal arguments on

Defendants' behalf in order to counter those "in an opposing motion).

g.     Windward Capitol Corporation, et al committed fraudulent, negligent and criminal acts in violation of the provisions of the Deed of Trust and Section 6 of RESPA (12 U.S.D. 2605) constituting an impairment of an obligation of contract prohibited by Article I, Section 10, Clause 1 of the United States Constitution.

| | | |
|---|---|---|
| Provision Title: | a. | Foreclosure, Forfeiture, etc. |
| | b. | Notice of Sale |
| | c. | Notices to Grantor and other parties. |
| | d. | Compliance with Governmental Requirement |
| | e. | Right To Contest |
| | f. | Attorneys' Fees: Expenses |
| | g. | Property Damage Insurance |

h.     The Plaintiff, moves the Court, pursuant to Rule 60 (b)(1)(2)(3) & (6) and Fed. R. Evidence R. 102. (citing Wada v. U.S. Secret Serv., 525 F. Supp. 2d 1,9 D.D.C. 2007).

Regardless of how the pro se, Plaintiff styled her motion, a court must review the motion based on the substance. See Gonzales v. Crosby, 545 U.S. 524, 531 (2005) holding that a court should treat a Rule 60(b) motion that presents omitted claims of constitutional error as a successive habeas petition under 28 U.S.C. 2254); united States v. Winestock, 340 F 3d 200, 207 (4th Cir. 2003("[T]he proper treatment of [a 60(b) seeks a remedy for some defect on the collateral review process. See Winestock, 340 F.3d at 207

i.     Plaintiff submitted a proper Complaint for a jury trial, for submission of factual evidence for refutable inferences of the Defendants. The Bankruptcy Court knowledgeable of Plaintiff's mental, financial and physical damages as well as Plaintiff being forced to represent herself with edification disadvantages, calculatedly denied Appellant of the 7th, 6th and 5th Constitutional Rights and due process. and clearly all without even one hearing for rebuttal on the accurateness of the competing inferences.

The factual details and applicable law supporting Appellant motion are more fully and particularly set forth in the Plaintiff's Memorandum of Law in Support of Opposition to Defendants' Supplemental Motion for Summary Judgment, Affidavit of Martha Akers, Memorandum of points and authorities, Photograph's of 1370 H St, N.E., Photograph's of 1368 H St, N.E., taken by the D.C. Fire Department on January 11, 2009, rebuttal and contravening submission from U.S. Postal Service - other evident documents.

## STATEMENT OF APPLICABLE STANDARD OF APPELLATE REVIEW

Summary Judgment is appropriate where there are no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505 (1986). The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist and that judgment should be granted as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute of material fact is sufficient to defeat summary judgment only if it is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248. In the end, the non-moving party must do more than present a "scintilla" of evidence in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. Rather, the non-moving party must present sufficient evidence such that "reasonable jurors could find by a preponderance of the evidence" for the non-movant, *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512, "for an apparent dispute is not 'genuine' within contemplation of the summary judgment rule unless the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find the fact[s] in his favor." *Stone v. University of Maryland Medical Sys. Corp.*, 855 F.2d 167, 175 (4th Cir. 1988). Thus, if the evidence is "merely colorable" or "not significantly probative," a motion for summary judgment may be granted. *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2510-11.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re

MARTHA A. AKERS

   Plaintiff

v.                                                    No. 1:11-CV-00674

MOORING FINANCIAL CORP.,
  and
WINDWARD CAPITAL CORP.,

  Defendant

AFFIDAVIT OF MARTHA A. AKERS

I HEREBY CERTIFY that I, Martha Akers, am over the age 18 and am competent to testify, to the truth of the matters and facts contained herein. I am the Plaintiff in this Civil Litigation action entitled. The contents of this paper is based on all facts derived from subsequent evidence of the events.

A. On July 26, 2000, Martha A. Akers executed a promissory note and a Deed of Trust to secure payment of said Promissory Note against 1308 H Street, NE, Washington, DC 20002 in the amount of $63,750.00 with the Lender.

B. Lender without application or any request from Plaintiff at the end of the initial term, volunteered to extended the term of the loan because of the high interest rate (8%) on the loan. Plaintiff's consistent, sometime advance payments paid, and efficiency in performing her respective obligations under the Deed of Trust or any related documents.

C. At the time of the filing of the bankruptcy, Plaintiff was not in default under the (pl)

terms of the Note in the aggregate amount of $1,600.06. Defendants billed Plaintiff for Insurance cost in 2007 as a result, inflating the debt. Plaintiff provided proof of Insurance coverage to Defendants for the annual term of 2007 with a standard Mortgagee clause in favor of Lender. The default is fabricated. See Exh. A Defendants invoice that Lender Placed Hazard Insurance cost was billed to Plaintiff during that term, erroneously.

There is no default in the record or otherwise prior to this fire damage event, culminating on October 7, 2009, with a complaint submitted by the Plaintiff in Superior Court. Defendant filed an Answered on December 4, 2009, of this now alleged default.

D.   On 01/02/08, principal due was $59,410.51. Plaintiff  paid $1,104.00. 12/19/08. Culminated 2008 annual interest paid $4,848.00. (Twelve payments of $468.00 P&I total $5,616.00 leaving $768.00 to apply to principal if paid. On April 15, 2009, Plaintiff paid $1,565.48 for January, February and March. To the contrary all monies paid by Plaintiff was applied to interest for the annual term, since there was no reduction in principal due and Plaintiff was never billed for late charges. Plaintiff was not in default on any monies owed. Liz Schaut agreed to interest only payments for the term of any sale. Plaintiff avoided Bankruptcy and saved Defendants a total loss. See Exh. B. On 01/15/09, principal due was $59,410.51. The next payment was due January 15, 2009.

E.   On 02/15/09, Liz Schaut agreed to extend a loan to Plaintiff. See Exh. B1

F.   On 03/11/09 a fire at the adjoining unit caused damage to subject property. Defendant after receiving notice of damages, communicated on regular basis for updates on third party resolution of Plaintiff, for the claim. By order of adjoining property, Hazard Insurance, Casualty Insurance and D.C. Office of Risk Management.

After denial of the claim by all parties, Plaintiff notified Defendants of See Exh. C

_7

the conclusion. Then Defendants agent, Liz Schalow, stated that she would inquire with the company carrying the hazard insurance on behalf of Defendants, but at the expense of Plaintiff to protect Defendants interest in subject property as agree in the Deed of Trust.

Liz Schalow notified Plaintiff of the insurance carriers acknowledgement of liability, then arranged for the agent to contact Plaintiff which resulted in a visit to subject property, a written damage proposal was sent to Plaintiff.   See Exhibits D

Plaintiff having experience by way of formal education in real estate, home improvement, on the job training experience, immediately recognized the damage proposal was flawed. Then notified Liz Schalow, who went over the damage estimate with Plaintiff, Exh. E  Liz Schalow, acknowledging the error stated that she would notify carrier, then call back and said a second person would come out.  See Exhibit. D
The agent called but never came to property. The matter dragged out with no final decision to Plaintiff, weather the money granted if any was applied to the loan indebt or applied to the damages. After failed back and forth attempts for this events conclusion.
F      On October 7, 2009. In the Superior Court of the District of Columbia. Plaintiff filed a complaint against Mooring Financial Corporation only for Specific Performance, Personal and Property Torts, alleging that "[a]fter a fire at the a joining property which Plaintiff's property received damage. Defendant carrying hazard insurance in there name for subject property at Plaintiff's expense, failed to take any additional and reasonable steps to resolve the dispute over the damages after receiving a flawed damage estimate proposal as Defendant stated they would in a written document, additionally failed to inform Plaintiff of a final conclusion thus barring any reasonable recovery by Plaintiff subsequent to the agreed upon Lender Placed Fire Insurance to protect the     (p3)

Defendants but for the benefit of Plaintiff's, protection, peace of mind and to remove the possibility of conflict with the Defendants before or after the event of a fire loss or damage

G    Plaintiff filing the complaint, was and is sufficient to put Defendants on notice of the Plaintiff's dispute and permit the Defendants to prepare an adequate defense. See Brown, 75 F.R.D. at 498.

H    Defendant filed an Answer and Grounds of Defense on December 4, 2009. (See exhibit F) Order in Superior Court case identical to this adversary case.

I.    In response on January 11, 2010, Windward Capital Corp. filed a Motion for Relief from Stay in the Bankruptcy Court, erroneously alleging Plaintiff is in default.

J.    Plaintiff suffering from injuries from creditor's, noticed the error of listing the Defendants in the Superior Court case. In response, Plaintiff filed in Bankruptcy Court an adversary case against Windward Capital Corp. later, Plaintiff was informed that the initial case should have been amended in Superior Court, instead of filing the adversary case. Plaintiff with no formal legal training or experience, this type of error is not unusual for pro se litigants, who pursue justice.                         See Exhibit G

K.    Plaintiff amended the Superior Court case and amended the Bankruptcy Court, adversary case which resulted in two identical jury trial cases. The Bankruptcy Court, when learned and on demand by the Plaintiff, should have dismiss or certified the case to the appropriate court, judiciously to prevent it from becoming a litigation tactic, additional

1.    Plaintiff, unknown that the Bankruptcy Court is not a "court of the United States" and Courts are divided weather a Bankruptcy Court should hold jurisdiction and presided over cases with negligence of a Creditor, additionally, both parties demanded jury trials.

(p4)

M.     **Defendants violation of the Deed of Trust, Provision Titles:**

1.     <u>Foreclosure, Forfeiture, etc</u>. - Subsequent to contract shall not apply in the event of a good faith dispute by grantor as to the validity or reasonableness of the claim which is the basis of the foreclosure or forfeiture proceeding, provided the Grantor gives Lender notice of such claim and furnishes reserves or a surety bond for the claim satisfactory to lender if requested. ( A surety bond for the claim was offered but rejected)

2.     <u>Property Damage Insurance</u> - Grantor promptly notified Lender of damage to property and the estimated cost to repair and replacements exceeded $5,000.00. Weather or not Lender's security is impaired, Lender may, at its election, receive and retain the proceeds of any insurance to apply to the reduction of the indebtedness and or elects to apply the proceeds to restoration or to amounts owing to Lender under the Deed of Trust if in default. Defendants failed to inform Plaintiff in writing of the conclusion.

3.     <u>Notices of Sale</u>. - Lender did not give Grantor written certified notice, return receipt of any sale of real property at least 30 days in advance of the intended date of the sale  The notice was note sent to Grantor's address of record 1319 Fairmont St. NW, Washington, DC, 2009 by certified mail, return receipt, pursuant to Deed of Trust. Plaintiff pick up the postal notice at 1368 H St, NE, Washington, DC, just days before the date listed in the notice and retrieved the letter dated 04/13/10 from the main post office. <u>See Exh. H.</u> Heather James nor Liz Schalow's Affidavit, affirm Certified notice to the address of record for notice of sale. The submitted postal receipt is office made.  <u>Exh. I</u>

4.     <u>Notices to Grantor and other parties</u>  - (See Deed of Trust provision )
5.     <u>Right To Contest</u>. - Grantor may withhold payment, pursuant to Deed of Trust.
6.     <u>Compliance with Governmental Requirements</u>. - Grantor may contest in good

(p5)

faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor notified the Lender in writing prior to doing so. (See Deed of Trust provision. ( Exhibit. A)

    7.   <u>False statement</u> .- Defendant negligent and transgression, via deception and maintaining control over the event's to culminate a default, foreclosure and forfeiture but to the contrary the event is criminal and ripe for a jury trial.

M.   A Preliminary injunction was out weighed and had no standing in lieu of said contract, Deed of Trust entitled provisions. (See Deed of Trust provision. Exh. A)

N.   Defendants are granted segregation and separation in the Deed of Trust provisions.

O.   Foreclosure, Forfeiture, etc was barred, in whole by contractual provisions in the Deed of Trust, which constituted an obligation with restraints. <u>See Exhibit. A</u>

P.   The Deed of Trust shall not be modified or amended in any way except through a written amendment signed by all of the parties hereto.

Q.   Binding Effect, the covenants and obligations in the Deed of Trust, shall be binding on the benefit of the heirs, judicial system and administration of justice or a judge.

R.   Plaintiff affirms that during and after this task, to include before or after the loss. Plaintiff affirms compliance with Deed of Trust provisions and making reasonable decisions to address and resolve the existing property damage from the event, insurance circumstances and Defendant's duty to notify Plaintiff of the conclusion to the valid dispute, in writing sent to the address of record. Before pursuing Plaintiff right to contest the transgressions of the Defendants, judicially. Based on submitted facts. Plaintiff have committed no act or omission causing damage to Defendant.

I SOLEMNLY DECLARE AND AFFIRM under the penalties of perjury that the foregoing facts are true, and correct, upon factual and my personal knowledge.

Respectfully Sincerely,

Martha A. Akers

## CERTIFICATE OF SERVICE

I CERTIFY, on May 24, 2011, true copies of these documents was mail to:

JUSTIN P. FASANO, ESQUIRE
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia  22042
(703) 280-3385

Attorney for Defendants- Appellees,
Windward Capital Corporation and Mooring Financial Corporation

Martha A. Akers, Pro Se
1319 Fairmont St, NW
Washington, D.C. 20009

## PLAINTIFF'S MEMORANDUM OF LAW

See Haines v. Kerner, 404 U.S. 519, 520 (1972). As drafted, Defendant's offense constitute a breach of the controlling security contract, "the Deed of Trust provisions" Binding on and inure to the benefit of the heirs, judicial system, administration of justice or a judge. The complaint alleges, the parties entered into a contract for mortgage financing on 1368 H Street, NW, Washington, D.C. On June 26, 2000, On October 7, 2009, In the Superior Court of the District of Columbia. Plaintiff filed a complaint against Mooring Financial Corporation Civil Action No. 2009 CA 007485B, Summons served on Defendants is sufficient to put Defendants on notice of the Plaintiff's continue, dispute. The Defendants, motion the Court to dismiss the action and the denial by Judge J. Clark, is sufficient to validate the establish good faith dispute. The Defendants Moorings Financial Corp. and Windward Capitol Corp., perform foreclosed actions on Plaintiff's property on June 30, 2010, before the determination of the issues, creating the valid dispute in the entitled enduring cases, the adversary case in Bankruptcy Court was filed February 1, 2010. To determine which facts are "material," a court must look to the substantive law on which each claim rests. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). and admissible evidence of defendants fail to address the stated fact as required by Rule 56(c).

## ARGUMENTS

Defendants violation of the Deed of Trust, Provision Titles:

    a. Foreclosure, Forfeiture, etc.
    b. Notice of Sale
    c. Notices to Grantor and other parties.
    d. Compliance with Governmental Requirements
    e. Right To Contest
    f. Attorneys' Fees: Expenses
    g. Property Damage Insurance

## **FACT AND CONCLUSIONS OF LAW**

1.  Generally, a final judgment is one that ends the litigation. On the other hand, an interlocutory order does not finally determine a cause of action but " only decides some intervening matter pertaining to the cause, and which requires further steps be taken to enable the court to adjudicate the cause on the merits." See Kore Holdings, Inc. v. Rosen (In re Robert F. Rood, IV), 426 B.R. 538, 546 2010 U.S. Dist. LEXIS 24936, 15 (D. Md. 2010). Orders in the bankruptcy case are immediately appeal-able if they " finally dispose of the discrete disputes within the larger case." Id. Similar to the Kore Holdings case, the Order denying Plaintiff's request for an injunction did not dispose of Plaintiff's case because although the injunction was denied and Plaintiff did not file a Les Pendis. The two case's was on-going. Defendants' executing foreclosure further violated the provisions in the Deed of Trust and Section 6 of RESPA (12 U.S.D. 2605) constituting an impairment of an obligation of contract barred by Article I, Section 10, Clause 1 of the United States Constitution Crosby, 545 U.S 524, 1(2005).

2.  Appellees violated the Fifth Amendment, which is that no person shall "be deprived of life, liberty or property, without due process of the law." assured by the 5th constitution.

3.  The Appellees, undisputed foreclosure before final judgment of the cause of action, further violating the Deed of Trust are of critical importance to the court's reflection.

4.  Judicial misconduct. Pursuant to Fed. R. Civ. P. Rule 24.(b) (2)(A)&(3), Rule 24.(c). motion for summary judgment." Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993) (citing Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550-51 (9th Cir. 1990); Martz v. Union Labor Life Ins. Co., 757 F.2d 135, 138 (7th Cir. 1985)); see also Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000).

## CONCLUSION

By means of the controlling security instrument the Deed of Trust, provisions, **Right To Contest** and **foreclosure or forfeiture, etc.** that surpass and suspend other subsection of the Deed of Trust, after the submission of the fire damage event on January 11, 2009, that created a good faith dispute claim, validated by Judge J. Clark is sufficient to the solidify the establish good faith dispute, which is the basis of the premeditated foreclosure. The Deed of Trust, provisions claimed by Defendants' was not enforceable accordingly, the foreclosure June 30, 2010, before the final determination of the issues, creating the valid dispute in the enduring cases, is undisputed by the Defendants' own evidence duly before this court, in large part do not address the issue at stake.

## RELIEF SOUGHT AFTER

- A Order, Voiding the Foreclosure Sale.
- A Order from the Court, awarding Plaintiff Damages
- A Order from the Court, Denying any and all of Defendants' attorneys' fees.

because the Insurance carrier is paying all Appellees attorneys' fees. Appellees are the offenders with immorality.

WHEREFORE the foregoing, Appellant, respectfully submit this document.

## CERTIFICATE OF SERVICE

I certify, on March 25, 2011, true copies of documents was sent by U.S. Postal mail to:

JUSTIN P. FASANO, ESQUIRE
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-3385

Martha A. Akers, Pro Se
1319 Fairmont St, NW
Washington, D.C. 20009