UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

NO. 1:11-CV-00674 RMU

---

MARTHA AKERS,

Appellant,

v.

WINDWARD CAPITAL CORPORATION AND
MOORING FINANCIAL CORPORATION,

Appellees.

On Appeal from the United States Bankruptcy Court
for the District of Columbia
(Hon. Judge S. Martin Teel, Jr.)
Adversary Case No. 10-10006

---

APPELLANT RESPONSE TO "APPELLEES' RESPONSE

MARTHA A. AKERS

---

Martha A. Akers
1319 Fairmont St, NW
Washington, DC 20009

RECEIVED
JUN 27 2011
Clerk, U.S. District and
Bankruptcy Courts

## OPPOSITION RESPONSE TO APPELLEES' RESPONSE TO
## AMENDED APPELLANT BRIEF

Appellant, hereby move in Opposition to Appellees' request to dismiss the appeal. The filed a Memorandum of Points and Authorities assist in explaining the grounds for this Motion in more detail, demonstrating that there is numerous material facts in dispute and that this matter is ripe for Trial by Jury expeditiously, pursuant to Fed. R. Civ. P. 1.

Moreover, The United States Court of Appeals for the Fourth Circuit stated: [I]t is the province of the jury to resolve conflicting inferences from circumstantial evidence. Consequential damages is spiraling. To award Appellees' literally denies Appellant, due process and adjudication rights, assured by the Constitution 7th and 5th Amendments.

See Haines v. Kerner, 404 U.S. 519, 520 (1972). As drafted, Appellees' offense constitute a breach of the controlling security contract, "the Deed of Trust provisions" Binding on and inure to the benefit of the heirs, judicial system, administration of justice or a judge. The complaint alleges, the parties entered into a contract for mortgage financing on 1368 H Street, NW, Washington, D.C. On June 26, 2000, On October 7, 2009, In the Superior Court of the District of Columbia. Plaintiff filed a complaint against Mooring Financial Corporation Civil Action No. 2009 CA 007485B, Summons served on Defendants is sufficient to put Defendants on notice of the Plaintiff's continue, dispute. The Defendants, motion the Court to dismiss the action and the denial by Judge J. Clark, is sufficient to validate the establish good faith dispute. The Defendants Moorings Financial Corp. and Windward Capitol Corp., perform foreclosed actions on Plaintiff's property on June 30, 2010, before the determination of the issues, creating the valid dispute in the entitled enduring cases, the adversary case in Bankruptcy Court was filed February 1, 2010. To determine which facts are "material," a court must look to the substantive law

on which each claim rests. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). and admissible evidence of defendants fail to address the stated fact as required by Rule 56(c).

## ARGUMENTS

Defendants violation of the Deed of Trust, Provision Titles:

a. Foreclosure Forfeiture etc
b. Notice of Sale.
c. Notices to Grantor and other parties.
d. Compliance with Governmental Requirements
e. Right To Contest
f. Attorneys' Fees: Expenses
g. Property Damage Insurance

## FACT AND CONCLUSIONS OF LAW

1. Generally, a final judgment is one that ends the litigation. On the other hand, an interlocutory order does not finally determine a cause of action but " only decides some intervening matter pertaining to the cause, and which requires further steps be taken to enable the court to adjudicate the cause on the merits." See Kore Holdings, Inc. v. Rosen (In re Robert F. Rood, IV), 426 B.R. 538, 546 2010 U.S. Dist. LEXIS 24936, 15 (D. Md. 2010). Orders in the bankruptcy case are immediately appeal-able if they " finally dispose of the discrete disputes within the larger case." Id. Similar to the Kore Holdings case, the Order denying Plaintiff's request for an injunction did not dispose of Plaintiff's case because although the injunction was denied and Plaintiff did not file a Les Pendis. The two case's was on-going. Defendants' executing foreclosure further violated the provisions in the Deed of Trust and Section 6 of RESPA (12 U.S.D. 2605) constituting an impairment of an obligation of contract barred by Article I, Section 10, Clause 1 of the United States Constitution Crosby, 545 U.S 524, 1(2005).

2. Appellees violated the Fifth Amendment, which is that no person shall "be deprived

of life, liberty or property, without due process of the law." assured by the 5th constitution.

3. The Appellees, undisputed foreclosure before final judgment of the cause of action, further violating the Deed of Trust are of critical importance to the court's reflection.

4. Judicial misconduct. Pursuant to Fed. R. Civ. P. Rule 24.(b) (2)(A)&(3), Rule 24.(c), motion for summary judgment." *Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993) (citing Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550-51 (9th Cir. 1990); Martz v. Union Labor Life Ins. Co., 757 F.2d 135, 138 (7th Cir. 1985)); see also Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000).*

(stating that " documents supporting or opposing summary judgment must be properly authenticated" (citing FED.R. CIV.P. 56(e))); Stuart v. Gen. Motors Corp., 217 F.3d 621, 636 (8th Cir. 2000) (stating that "to be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Rule 56(e)" and that "[d]ocuments which do not meet those requirements cannot be considered"); Nnadili v. Chevon U.S.A., Inc., 435 F. Supp. 2d 93, 104-05 (D.D.C. 2006) (refusing to consider on summary judgment the maps on which [the defendant] relies" because they were" presented without any affidavit explaining who prepared them, how they were prepared, and whether they [address the issue at stake]").

The defendant has failed, however, to authenticate any of these exhibits or to identify any exhibits as self-authenticating. *See generally id., Exs. 1-37.* Thus, the defendant bases its summary judgment motion on evidence that is in large part inadmissible *Orsi, 999 F.2d at 92*

h. It is not this court's role to sift through inadmissible evidence and parsing out evidence from that which was duly before the court. *Cf. Potter v. Dist. of*

Columbia, 558 f.3d 542, (D.C. Cir 2009) (United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991) (Nor is it appropriate for the court to speculate as to what arguments the defendant might put forth with regard to the admissibility of this evidence. *See Burdett v. Miller, 957 F.2d 1375, 1380 (7th Cir. 1992).* Defendants' had a duty to make the argument. See Stephenson v. Cox, 223 F. Supp. 2d 119, 122 (D.D.C. 2002)( stating that the court's role is not to act as an advocate for the [party] and construct legal arguments on Defendants' behalf in order to counter those "in an opposing motion).

## CONCLUSION

By means of the controlling security instrument the Deed of Trust, provisions, **Right To Contest** and **foreclosure or forfeiture, etc.** that surpass and suspend other subsection of the Deed of Trust, after the submission of the fire damage event on January 11, 2009, that created a good faith dispute claim, validated by Judge J. Clark is sufficient to the solidify the establish good faith dispute, which is the basis of the premeditated foreclosure. The Deed of Trust, provisions claimed by Appellees' was not enforceable accordingly, the foreclosure June 30, 2010, before the final determination of the issues, creating the valid dispute in the enduring cases, is undisputed by the Appellees' own evidence duly before this court, in large part do not address the issue at stake.

## RELIEF SOUGHT AFTER

- A Order, Voiding the Foreclosure Sale.
- A Order from the Court, awarding Plaintiff Damages
- A Order from the Court, Denying any and all of Appellees' attorneys' fees. because the Insurance carrier is paying all Appellees attorneys' fees.

WHEREFORE the foregoing, Appellant, respectfully submit this document.

## CERTIFICATE OF SERVICE

I certify, on June 28, 2011, true copies of documents was sent by U.S. Postal mail to:

JUSTIN P. FASANO, ESQUIRE
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia  22042
(703) 280-3385

Martha A. Akers, Pro Se
1319 Fairmont St, NW
Washington, D.C. 20009