**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ———————————————— | : | |
| In re: | : | |
| MARTHA A. AKERS, | : | Adversary Proceeding No. 10-10006 |
| Debtor. | : | |
| | : | |
| MARTHA A. AKERS, | : | |
| | : | |
| Appellant, | : | |
| v. | : | Civil Action No. 11-674 (JEB) |
| | : | |
| WINDWARD CAPITAL CORPORATION, *et al.*, | : | |
| | : | |
| Appellees. | : | |
| ———————————————— | : | |

**MEMORANDUM OPINION**

In the latest of her many *pro se* actions, Appellant Martha Akers has filed a Notice of

Appeal from adversary proceeding no. 10-10006 in the U.S. Bankruptcy Court for the District of

Columbia.  She specifically appeals the Bankruptcy Court's decisions 1) granting summary

judgment to Appellees Windward Capital Corporation and Mooring Financial Corporation; 2)

dismissing her motion to reconsider rulings related to her motion to void the foreclosure sale;

and 3) dismissing her motion to reconsider rulings relating to her motion for preliminary

injunction.  *See* Notice of Appeal at 1.  Because none of her challenges passes muster, the Court

will affirm the Bankruptcy Court and dismiss the case.

**I.  Background**

Appellant filed several complaints in the adversary proceeding in the Bankruptcy Court,

each of which is entitled "Amended Complaint."  *See* Adversary Proceeding No. 10-10006, ECF

Nos. 1, 21, 22.  Like all of her pleadings, none of these is easy to follow; fortunately, they are all

quite brief, none exceeding three pages.  The first one alleges that, apparently in connection with property she owned, Appellant "executed a Deed of Trust and Promissory Note in the amount of $63,750.00 with the Lender, Windward Capital Corporation, a subsidiary of Mooring Financial Corporation, who is the server [*sic*] of the loan."  *See* ECF No. 1 at 1.  She further alleges that on January 10, 2009, an electrical fire at an adjoining property damaged her property located on H St., N.E.  *See id.* at 2.  Appellees – who are never alleged to be insurers – were allegedly negligent in handling her damage claim and thereby breached their contract with her.  *Id.* Plaintiff's subsequent "Amended Complaints" recite the same allegations with even greater brevity.  *See* ECF Nos. 21 & 22.

The only claim in this adversary proceeding, therefore, is that Appellees somehow breached a contract with Appellant by failing to pay for fire damages to her property.  Although Appellees subsequently foreclosed on the property, *see In re Akers*, 2012 WL 5419318 (D.D.C. Nov. 7, 2012), such foreclosure is not the subject of her suit in this case.

Appellees moved for summary judgment on this contract claim, but the Bankruptcy Court did not believe they had adequately addressed the points at issue. *See In re Akers*, 445 B.R. 1, 3 (Bankr. D.D.C. 2011).  The court thus permitted them to file a supplemental motion for summary judgment, which was ultimately successful.  *See id.*  In a fairly lengthy opinion – particularly when juxtaposed with the cursory Complaint – Judge S. Martin Teel, Jr. granted summary judgment.  He summarized his holding thus:

> Akers contends that the force-placed insurance obtained by Mooring in accordance with the deed of trust was obtained for her benefit, and that Windward and Mooring had an obligation to mitigate Akers' losses by more zealously pursuing the true value of the insurance claim for her benefit. Windward and Mooring, in turn, argue that the insurance was obtained for their benefit and their benefit alone, and that they owed no duties to Akers with respect to the force-placed insurance under which Akers was not a

> named insured. Although the court concludes that the policy was
> obtained for the mutual benefit of the lender and Akers, and that
> the Windward and Mooring did take on certain duties when they
> exercised their option to insure the property, the court also
> concludes that they did not breach those limited duties, and that the
> fact that the insurance was taken out for the mutual benefit of the
> parties does not entitle Akers to pursue policy-related damages
> from Windward and Mooring. The court further concludes that
> Windward and Mooring had no affirmative duty to pursue and
> maximize recovery of the claim under the force-placed insurance
> policy on Akers' behalf. Rather, if Akers was not satisfied with
> their handling of the claim, her remedy, to the extent one exists,
> was limited to an independent right to seek recovery, as a possible
> third-party beneficiary of the policy, against Proctor [the insurer].

*Id.* at 5.

## II.  Standard of Review

On appeal from a Bankruptcy Court decision, *see* 28 U.S.C. § 158(a)(1) (conferring

jurisdiction on federal district courts "to hear appeals . . . from final judgments, orders, and

decrees" of bankruptcy judges), the district court "may affirm, modify, or reverse a bankruptcy

judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R.

Bankr. P. 8013.  "Findings of fact . . . shall not be set aside unless clearly erroneous."  *Id.*

Questions of law are reviewed *de novo*, *see Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521,

537 (D.D.C. 2008), as are decisions on summary judgment.  *See In re Capitol Hill Group*, 447

B.R. 387, 393 (D.D.C. 2011).

The party seeking to reverse the Bankruptcy Court's findings bears the burden of proof,

and she "must show that the court's holding was clearly erroneous as to the assessment of the

facts . . . and not simply that another conclusion could have been reached."  *Advantage

Healthplan*, 391 B.R. at 537 (quoting *In re Johnson*, 236 B.R. 510, 518 (D.D.C. 1999)) (internal

quotation marks omitted).  "[A] finding of fact is clearly erroneous when, although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *Foskey v. Plus Properties, LLC*, 437 B.R. 1, 9 (D.D.C. 2010) (citations and quotations marks omitted).  In other words, the "decision must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

### III.    Analysis

In appealing the Bankruptcy Court's grant of summary judgment, Appellant raises several issues.  She initially characterizes her opening brief as a "Complaint for the Judicial Council of the District of Columbia Circuit" regarding Judge Teel's "personal bias or prejudice." Appellant Br. at ECF p. 4.  She also raised therein a number of odd claims about, *e.g.*, violations of the Sixth and Fifth Amendments.  *Id.*  She then filed an "Amended Answer of Appellant." *See* ECF No. 8.  In this pleading, she set forth a "Statement of Issues Presented for Review."  *Id.* at ECF p. 3.  These, as best the Court can discern, are: 1) not permitting a jury trial; 2) permitting supplemental briefing by Appellees; 3) foreclosing Appellant's ability to seek damages from the insurer; 4) considering unsworn and unauthenticated documents; and 5) permitting foreclosure. *Id.* at ECF pp. 3-5.  The Court will address them sequentially.

### A.   Jury Trial

Appellant contends that she "submitted a proper Complaint for a jury trial," *id.* at ECF p. 5, yet the Bankruptcy Court "abused its discretion by not transferring the Jury trial demand case."  *Id.* at ECF p. 3.  She claims that, notwithstanding its knowledge of the appellant's "mental, financial and physical damages as well as being forced to represent herself with edification disadvantages," the Bankruptcy Court "calculatedly denied [her] of the 7th . . . and 5th Constitutional Rights and due process . . . without even one hearing for rebuttal on the accurateness of the competing inferences."  *Id.* at ECF p. 5.

4

Insofar as Appellant argues that the resolution of her case on summary judgment deprives her of her Seventh Amendment right to a jury trial, *see* U.S. Const. amend. VII ("In Suits at common law . . . the right of trial by jury shall be preserved . . . ."), she is mistaken. "The Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury." *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) (citing *Fidelity & Deposit Co. v. United States,* 187 U.S. 315, 319-20 (1902)); *see Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762 (8th Cir. 2003) ("A grant of summary judgment does in itself not violate the Seventh Amendment."); *see also Manaia v. Potomac Elec. Power Co.*, 268 F.2d 793, 799 (4th Cir. 1959) (rejecting Seventh Amendment argument with respect to grant of judgment notwithstanding the jury verdict, noting that parties "seem to recognize that no constitutional question arises when the court withdraws from the jury a case in which there is no issue of fact requiring the jury's determination").

B. <u>Permitting Supplemental Briefing</u>

Appellant next argues that the Bankruptcy Court "advocated" for Appellees, presumably by allowing them to supplement their motion for summary judgment. In Appellant's view, the grant of leave to supplement the motion amounted to the "creation" of an issue that neither she nor Appellees had raised. This is incorrect. A fair reading of Appellant's complaint indicates that she believed herself entitled to damages for harm allegedly sustained as a result of the fire in the adjacent building and to the proceeds of any insurance claim. In other words, the complaint raised two issues: what duty, if any, did Appellees owe her with regard to the force-placed insurance policy, and, if any duty were owed, did Appellees breach it? It was reasonable for the Bankruptcy Court to require the moving parties to brief these issues, and it was within its discretion to permit Appellees to supplement the record. *Cf. Lujan v. National Wildlife Fed'n*,

497 U.S. 871, 894-98 (1990) (discussing with approval district court's rejection of supplemental

affidavits as untimely and in violation of its briefing order); *Hynes v. Squillace*, 143 F.3d 653,

656 (2d Cir. 1998) (concluding that district court did not abuse its discretion in considering

defendants' supplemental evidence which had not been submitted to magistrate judge to whom

matter had been referred for a report and recommendation).

     As part of this argument, Appellant contends that the Bankruptcy Judge "ha[d] a personal

bias or prejudice," that his rulings were in some way intended for "coercion," or otherwise

demonstrated a bias against her.   Appellant's Br. at ECF p. 4.  Ordinarily, a judge shall

disqualify himself "in any proceeding in which his impartiality might reasonably be questioned,"

28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party." *Id.* §

455(b)(1).  The standard for disqualification under Section 455 is an objective one: "whether a

reasonable and informed observer would question the judge's impartiality." *See In re Brooks*,

383 F.3d 1036, 1043 (D.C. Cir. 2004) (citing *United States v. Microsoft Corp.,* 253 F.3d 34, 114

(D.C. Cir. 2001)) (internal quotation marks omitted).  There is a presumption against

disqualification, and the moving party must demonstrate by clear and convincing evidence that

disqualification is required by Section 455(a). *Cobell v. Norton*, 237 F. Supp. 2d 71, 78 (D.D.C.

2003).

     Plaintiff offers no evidence – clear, convincing, or otherwise – of judicial bias or

evidence showing that Judge Teel should have recused himself.  Her objections pertain to the

substance of his rulings, and a judge's legal decisions generally are not sufficient grounds to

substantiate a claim of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Cotton v.*

*Washington Metro. Area Transit Auth.*, 264 F. Supp. 2d 39, 42 (D.D.C. 2003) (denying motion

for recusal where "claim of bias is predicated entirely upon the [magistrate judge's] rulings with

respect to the conduct of discovery in the instant action, and rulings regarding discovery and other issues in three other actions filed by Plaintiffs' counsel").

### C. Damages From Insurer

Appellant also asserts that "the [order on summary judgment] does not create a[n] option for the Appellant to pursue damages independently."  Amended Br. at ECF p. 3.  The Court trusts this means that Appellant believes her ability to proceed against Proctor, the insurer, is foreclosed by the Bankruptcy Court's ruling.  This is not so.  Judge Teel clearly stated: "[I]f Akers was not satisfied with [Appellees'] handling of the claim, her remedy, to the extent one exists, was limited to an independent right to seek recovery, as a possible third-party beneficiary of the policy, against Proctor."  445 B.R. at 5.  His ruling in no way precluded her right to enforce the force-placed insurance policy, even though she had not been a named insured.  *See also id.* at 9.

### D. Unsworn/Unauthenticated Documents

Appellant also contends that, in rendering its decision on summary judgment, the Bankruptcy Court relied on evidence presented by Appellees "that [was] in large part inadmissible."   Amended Br. at ECF p. 4.  She mentions "conflicting, unsworn and unauthenticated documents," *id.* at ECF p. 3, but the Court is at a loss to determine which materials she deems objectionable.  The only one she mentions is "defendants version of insurance policy provisions [*sic*]." *Id.*  She also refers to "Def.'s Mot. Exs.D1-10 [*sic*]," *id.*, but neither Appellees' initial motion for summary judgment nor their supplemental one contained numbered exhibits, *see* No. 10-10006, ECF Nos. 74, 102 – they used letter designations – so the Court does not know to which exhibits she refers.

As to the "insurance policy provisions" she complains about, the Court can only conclude that this refers to insurance-related provisions in the deed of trust, since no insurance policy was attached to Appellees' Motions.  The deed of trust, which appears as Exhibit B to their initial motion for summary judgment and to their supplemental motion, was indeed authenticated by Liz Schalow in two sworn affidavits.  *See* ECF No. 74 (Motion for Summary Judgment), Exh. G (Affidavit of Liz Schalow), ¶ 2 ("A true and correct copy of said Deed of Trust is attached to the Motion as Exhibit B . . . .") (underlining deleted); ECF No. 102 (Supplemental Motion), Attach. 7.  Appellant is just plain wrong.

Even if the Court were able to identify the challenged materials beyond the insurance policy, Appellant would still not prevail.  To the extent documents "conflict," it is the Bankruptcy Court's role to determine if a material dispute of fact exists.  Judge Teel found none, and that determination is never challenged.  As for "unsworn and unauthenticated documents," Rule 56 of the Federal Rules of Civil Procedure, which are incorporated in the Bankruptcy Rules, *see* Fed. R. Bankr. P. 7056, does not require such authentication.  Recent amendments to Rule 56 "eliminate[] the unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated."  *Akers v. Beal Bank*, 845 F. Supp. 2d 238, 243 (D.D.C. 2012) (citation omitted), *aff'd*, No. 12-7045, 2012 WL 4774676 (D.C. Cir. Oct. 2, 2012) (*per curiam*).  As the advisory notes make clear, "The requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration is omitted as unnecessary . . . ."   Fed. R. Civ. P. 56(c) advisory committee's note on 2010 Amendments.  Appellant's authentication argument about unknown documents, therefore, is groundless.

To the extent Appellant is challenging any substantive component of Judge Teel's decision regarding insurance and claims – which she at no point actually does in any comprehensible way – the Court's review has yielded no reason to believe that the Bankruptcy Court's detailed and thorough opinion erred on these issues.

### E.   Foreclosure

Appellant also appeals the Bankruptcy Court's decision not to address her foreclosure claim in connection with Appellees' motion for summary judgment.  As Judge Teel correctly explained, "The complaint and the amended complaint did not raise this claim.  Indeed, this claim is based on events arising after the filing of the amended complaint, and, accordingly, could only be asserted via a supplemental complaint."  445 B.R. at 9.  In any event, he added that she "remains free to pursue, outside of this adversary proceeding, the issue of whether the foreclosure sale was void for lack of proper notice."  *Id.*  As the claim was not a part of her suit, it surely was not error for the Bankruptcy Court not to address it.

### F.   Preliminary Injunction

Plaintiff's Notice of Appeal also mentions that she is appealing the dismissal of her motion to reconsider rulings relating to her motion for preliminary injunction.  *See* Notice of Appeal at 1.  This Court in a previous decision several weeks ago has already affirmed the Bankruptcy Court on this issue.  *See In re Akers*, 2012 WL 5419318 (D.D.C. Nov. 7, 2012).

**IV.  Conclusion**

The Court, therefore, will affirm the decisions of the Bankruptcy Court, and this case will

be dismissed.  An Order accompanies this Memorandum Opinion.

/s/ James E. Boasberg
JAMES E. BOASBERG

Date:   November 30, 2012